# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID NEVE,<br><br>    Defendant. | No. 10-CR-2044-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant David Neve's "Motion in Limine" ("Motion") (docket no. 45).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On November 17, 2010, a grand jury returned a six-count Superseding Indictment (docket no. 35) against Defendant and Co-Defendant Jessica Risius. On November 19, 2010, Defendant filed the Motion. On December 13, 2010, the government filed a Resistance (docket no. 56).

On December 15, 2010, a grand jury returned a five-count Second Superseding Indictment (docket no. 58) against Defendant. Count 1 charges Defendant with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Count 2 charges Defendant with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Count 3 charges Defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Counts 4 and 5 charge Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Second Superseding Indictment also contains a forfeiture allegation.

On January 7, 2011, the court held a hearing ("Hearing") on the Motion. Defendant appeared personally and was represented by Attorney E. Daniel O'Brien. Assistant United States Attorney John Lammers represented the government.

### III. ANALYSIS

In the Motion, Defendant asks the court to bar the government from presenting any evidence related to: (1) Defendant "possessing, displaying or using firearms while using drugs or while drugs were present on a date other than September 13, 2010[] or September 15, 2010"; (2) Defendant's "alleged drug involvement, outside of the dates set out in the [I]ndictment"; (3) "out-of-court statements purportedly made by any indicted or unindicted co-conspirators which directly or indirectly refer to Defendant, or which otherwise may be used to incriminate Defendant."[1] Motion at 1. The court addresses these issues, in turn.

#### A. *Firearms and Drugs on Dates other than September 13 and 15, 2010*

Defendant seeks to exclude any mention of Defendant's connection to drugs and firearms outside the dates listed in the Indictment. The Second Superseding Indictment, includes a count of conspiracy to distribute methamphetamine. This Count alleges that the conspiracy began as early as January 2002. Thus, any evidence regarding Defendant's involvement with drugs and/or guns from January 2002 to September 15, 2010 is relevant evidence. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). The Eighth Circuit Court of Appeals has acknowledged that firearms are tools of the drug-

---

[1] Defendant asks that a fourth category of evidence be barred, namely, any evidence related to: Defendant "possessing or using firearms while using drugs or while drugs were present on a date other than September 13, 2010[] or September 15, 2010." Motion at 1. Because this category is nearly identical to the first category listed, the court declines to analyze it separately.

2

dealing trade. *See United States v. Smith*, 535 F.3d 883, 885 (8th Cir. 2008). Accordingly, the Motion is **DENIED** to the extent it seeks to exclude evidence of Defendant's involvement with drugs and firearms from 2002 to September 15, 2010.

Additionally, the government may present evidence of Defendant's involvement with firearms prior to January 2002 as either substantive evidence of the conspiracy or as historical background explaining how the conspiracy came to exist. *See United States v. Summers*, 137 F.3d 597, 601-602 (8th Cir. 1999). Presentation of this evidence as substantive evidence of the conspiracy would not result in a variance between the Indictment and the evidence, because the Second Superseding Indictment states that the conspiracy began on an *unknown date*, but started at least as early as January 2002.[2] *Id.* Accordingly, the Motion is **DENIED** to the extent it seeks to exclude evidence of Defendant's involvement with drugs and firearms prior to 2002.

If, for whatever reason, the government is unable to present this evidence as substantive evidence of the crime itself, such evidence may be admissible under Federal Rule of Evidence 404(b), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice

---

[2] The court notes that presentation of evidence regarding events prior to 2002 would not result in a statute of limitations problem. The general statute of limitations for all non-capital offenses is five years. 18 U.S.C. § 3282. "To satisfy the statute of limitations, the [g]overnment [must] show the conspiracy continued to exist within five years before the indictment and a conspirator performed at least one overt act to further the conspiracy within the five-year period." *United States v. Rabinowitz*, 56 F.3d 932, 933 (8th Cir. 1995) (citing *United States v. Hauck*, 980 F.2d 611, 613 (10th Cir. 1992)). Here, the government alleges an overt act as late as September 2010.

3

in advance of trial, or during trial if the court excuses pretrial
notice on good cause shown, of the general nature of any such
evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). The court shall make any necessary Rule 404(b) determinations during trial.

### *B. Drug Involvement Outside the Dates in the Indictment*

Defendant seeks to exclude any evidence regarding Defendant's involvement with drugs outside the dates in the Indictment. The analysis with respect to this issue is identical to the analysis regarding Defendant's prior involvement with drugs and firearms discussed above. Accordingly, the Motion is **DENIED** to the extent it seeks to exclude evidence of Defendant's prior involvement with drugs.

### *C. Coconspirator Statements*

Defendant seeks to exclude out-of-court coconspirator statements. "[A] statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Fed. R. Evid. 801(d)(2)(E). In making its determination on the admissibility of coconspirator statements, the court shall follow the procedure outlined in *United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir. 1978):

> (1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate

motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice.

Accordingly, the Motion is **DENIED** to the extent it seeks to bar statements made by alleged coconspirators.

### IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 45) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 14th day of January, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA